UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| ANTHONY SMITH and JERMAINE SMITH | CIVIL ACTION NO. 6:12-cv-01407 |
| VERSUS | JUDGE DOHERTY |
| ALCON RESEARCH, LTD. and/or ALCON LABORATORIES, INC. | MAGISTRATE JUDGE HANNA |

### *SUA SPONTE* JURISDICTIONAL BRIEFING ORDER

The plaintiffs filed the referenced lawsuit in this forum, alleging that this Court has jurisdiction under 28 U.S.C. § 1332 (Rec. Doc. 1 at ¶ 2), which states that a federal district court has jurisdiction when the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold. . The undersigned reviewed the pleadings and determined that the requirements for diversity jurisdiction are not satisfied.

The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.[1] In this case, the plaintiffs must bear that burden. The plaintiffs seek to recover $950,000. (Rec. Doc. 1 at ¶ 15). Since the amount in controversy is the sum claimed by the plaintiff in his complaint if the claim

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

was apparently made in good faith,[2] the undersigned finds that this allegation satisfies the pleading requirement regarding the amount in controversy.

The undersigned finds, however, that the plaintiffs have not established that the parties are diverse in citizenship. When jurisdiction is based on diversity, the citizenship of the parties must be distinctly and affirmatively alleged.[3] The complaint filed in this action alleges that the plaintiffs are residents of Louisiana and that the defendants are foreign corporations. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed to be a citizen of any state in which it is incorporated and any state where it has its principal place of business. Therefore, a party invoking diversity jurisdiction must allege both the state of incorporation and the principal place of business of each corporate party.[4]

Here, the plaintiffs alleged that Alcon Research, Ltd. has its principal place of business in Texas but made no other allegations of citizenship regarding either of the defendants. In their answer (Rec. Doc. 3), the defendants admit that Alcon Research, Ltd. is a Delaware corporation with its principal place of business in Texas. Alcon

---

[2] *St. Paul Reinsurance v. Greenberg*, 134 F.3d at 1253; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Russell*, 972 F.2d 628, 630 (5th Cir. 1992).

[3] *Mullins v. Testamerica Inc.*, 300 Fed. App'x 259, 259 (5th Cir. 2008).

[4] *Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633, 637 (5th Cir. 1983).

Laboratories, Inc. admits that it is a Delaware corporation but does not identify the location of its principal place of business. Collectively, this information is insufficient to establish the defendants' citizenship.

The plaintiffs are individuals, and they alleged that they are residents of Louisiana. But the citizenship of a natural person is determined by the state in which he or she is domiciled, and domicile is a combination of both a person's residence and his intent to remain there permanently.[5] Therefore, "an allegation that a party is a resident of a certain state is not a sufficient allegation of his citizenship in that state."[6] Evidence of a person's place of residence, however, is *prima facie* proof of his domicile.[7] For that reason, the undersigned will accept that the plaintiffs are Louisiana citizens if there is no objection from the defendants.

Accordingly,

IT IS ORDERED that, not later than twenty-one days after the date of this order, the plaintiffs shall file a memorandum setting forth specific facts that support a finding that the parties are diverse in citizenship and that the amount in controversy exceeds the jurisdictional minimum. These facts should be supported with

---

[5] *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564, 571 (5th Cir. 2011).

[6] *Delome v. Union Barge Line Co.*, 444 F.2d 225, 233 (5th Cir. 1971).

[7] *Hollinger*, 654 F.3d at 571.

summary-judgment-type evidence.  The defendants will be allowed seven days to respond to the plaintiffs' submission.

Signed at Lafayette, Louisiana, this 19th day of September 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE